IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LUIS AUGUSTO MORALES-VASQUEZ | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. WDQ-06-567 |
| ALBERTO GONZALES, et al. | * | |
| Respondents. | | |
| | *** | |

## **MEMORANDUM**

Counsel for Petitioner filed this eleventh hour 28 U.S.C. § 2241 Petition for habeas corpus seeking a stay of Petitioner's final order of removal on March 3, 2006.[1] Petitioner challenges the denial of his request for relief from removal under former Immigration and Naturalization Act ("INA") § 212(c) by the Immigration Courts and the United States Court of Appeals for the Fifth Circuit.[2] For reasons to follow, the Petition shall be dismissed for lack of subject-matter jurisdiction.

On May 11, 2005, President Bush signed the Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005, Pub.L. No. 109-13, 119 Stat. 231 (2005). Included within this far-reaching legislation is the Real ID Act of 2005 or "RIDA." Section

---

[1] The matter was placed in the night-depository box in the United States District Court for the District of Maryland, Southern Division sometime after 4:00 p.m. on Friday, March 3, 2006. It was reviewed the morning of March 6, 2006, and opened as a new case. To the undersigned's knowledge, counsel did not contact the Clerk to indicate that the matter would be filed.

[2] The following information is provided in the attachments. On July 12, 1996, an order to show cause was issued charging Petitioner as deportable as an alien convicted of (i) an aggravated felony under immigration law and (ii) a violation of laws or regulations relating to a controlled substance, other than a single offense involving possession for one's own use of 30 grams or less of marihuana. Paper No. 1 at Attachments. On February 27, 1998, the Board of Immigration Appeals ("BIA") dismissed the appeal of the Immigration Court decision finding that Petitioner was statutorily ineligible for relief under INA § 212(c). *Id*. On June 9, 1998, the Fifth Circuit granted the Government's motion to dismiss the petition for review of the BIA decision. *Id*.

106(a)(1)(B) of RIDA substantially modifies the route aliens must take to seek judicial review of an order of removal.

Section 106(a)(1)(B)(5) states that:

[N]otwithstanding....section 2241 of title 28, United States Code, or any other habeas corpus provision,....a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issues under any provision of this Act....For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and "jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651....

This Court has consistently concluded that RIDA makes the circuit courts the "sole" judicial body able to review challenges to final orders of deportation, exclusion, or removal.[3] Consequently, to the extent that Petitioner wishes to raise a challenge to his order of removal, RIDA undoubtedly divests this court of subject matter jurisdiction to review that challenge.

Accordingly, this Petition shall be dismissed without prejudice.  To the extent that Petitioner wishes to raise a direct challenge to his order of removal, he may file the appropriate petition in the United States Court of Appeals.   A separate Order follows.

Date:  March 7, 2006                                    /s/
                                              William D. Quarles, Jr.
                                              United States District Judge

---

[3]     Petitioner seemingly contends that if RIDA is construed to completely preclude him from obtaining review of his removal order, the Act would constitute an unconstitutional suspension of the writ of habeas corpus. This argument is without merit here.  A petition for review filed with the appropriate court of appeals provides an adequate forum for testing the legality of removal orders.  *See INS v. St. Cyr*, 533 U.S. 289, 314 n. 38 (2001).  RIDA has a saving clause which provides that limitations on judicial review shall not preclude review of constitutional claims or questions of law raised upon a petition for review.  *See* RIDA, Section 106(a)(1).

2